MARCIE ISOM FITZSIMMONS (SBN: 226906)
misom@grsm.com
NIKAYLA JOHNSON (SBN: 347157)
njohnson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
CORNELL UNIVERSITY

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| NEGIN SHAHRVINI, an individual,<br>Plaintiff,<br>v.<br>CORNELL UNIVERSITY, a NEW YORK not-for-profit education corporation; and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 2:26-cv-08103<br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(b), AND 1446 (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that Defendant CORNELL UNIVERSITY ("Defendant"), hereby removes to this Court the state court action described below.

1. On June 2, 2026, an action was commenced in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Negin Shahrvini v. Cornell University*, Case No. 26STCV17710 (hereinafter "the State Complaint"). A copy of the summons and complaint are attached hereto as **Exhibit A.**

2. The Complaint was served on Defendant on June 25, 2026. Plaintiff alleges various causes of action in the State Complaint stemming from her employment with Defendant, including discrimination, retaliation, wrongful termination in violation of public policy, and failure to prevent discrimination and

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

retaliation.

3. Defendant Answered the Complaint on July 23, 2026.

4. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is being filed within thirty (30) days from service of the Complaint on Defendant.

5. All named Defendants consent to and support the removal of this action to this Court.

6. This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000.00.

7. The amount at issue in the State Complaint is in excess of $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332.

8. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, [28 U.S.C.] § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plaint statement." *Dart*, 135 S. Ct. at 443.

9. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citations omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a

preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citations omitted).

10. Here, Defendant disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Defendant can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

11. In her Complaint, Plaintiff alleges and seeks damages for lost past and future earnings and other economic damages since her termination from employment on September 2, 2025. (*See* State Court Complaint at ¶ 27.) Seeking past and future earnings calculated on base salary alone would be in excess of $248,000.

12. Plaintiff also seeks damages for emotional distress, as well as general damages, punitive damages, civil penalties, and recovery of her attorneys' fees in the State Complaint. (*See* State Court Complaint at ¶ 48.) As such, the amount in controversy exceeds $75,000.00.

13. Defendant is informed and believes that Plaintiff was at the time of the filing of this Action, and still is, a citizen of the State of California. Plaintiff alleges in the Complaint that she is a resident of the State of California. (*See* State Court Complaint at ¶ 1.)

14. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Defendant is an education corporation that was at the time of the filing of the State Complaint, and still is, an education corporation formed under the laws of the State of New York with its principal place of business in the State of New York, and therefore, is a

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

citizen of the State of New York, and not a citizen of the State of California. (*See* State Court Complaint at ¶ 2.)

15. Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the events giving rise to Plaintiff's Complaint are alleged to have occurred in Los Angeles, California. At the time the alleged events occurred, Plaintiff was an employee of Defendant in Los Angeles, California.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal, without exhibits, will be promptly served on Plaintiff's counsel

17. A copy of this Notice of Removal, without exhibits, will also be filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

**WHEREFORE,** Defendant respectfully removes this Action from the Superior Court of Los Angeles to this Court, pursuant to 28 U.S.C. § 1332.

Dated: July 23, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Nikayla Johnson*
Marcie Isom Fitzsimmons
Nikayla Johnson
Attorneys for Defendant
CORNELL UNIVERSITY

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

# EXHIBIT A

MARCIE ISOM FITZSIMMONS (SBN: 226906)
misom@grsm.com
NIKAYLA JOHNSON (SBN: 347157)
njohnson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
CORNELL UNIVERSITY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

NEGIN SHAHRVINI, an individual,

Plaintiff,

v.

CORNELL UNIVERSITY, a NEW YORK not-for-profit education corporation; and DOES 1 through 10, inclusive,

Defendants.

Case No. 26STCV17710

**DEFENDANT CORNELL UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Judge: Hon. Thomas D. Long
Dept.: 506

Complaint Filed: June 2, 2026

DEFENDANT CORNELL UNIVERSITY ("Defendant") hereby answers the Complaint ("Complaint") filed by PLAINTIFF NEGIN SHAHRVINI ("Plaintiff") as follows:

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant generally and specifically denies each and every allegation contained in the Complaint and each and every alleged cause of action therein, and further denies that Plaintiff is entitled to any of the relief requested, denies that Defendant committed any wrongful conduct or omission, whether alleged or otherwise, and denies that conduct or omissions of Defendant caused any injury or damage to Plaintiff in the sum or manner alleged, or in any other sum or manner, or at all.

///



GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**AFFIRMATIVE DEFENSES**

Defendant further alleges the following separate and affirmative defenses to each and every cause of action alleged in the Complaint. By alleging the defenses set forth below, Defendant does not thereby agree or admit that it has the burden of proof, persuasion, or production with respect to any elements of any defense, or that Plaintiff has properly asserted any cause of action against Defendant.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

Plaintiff is not entitled to relief on any of Plaintiff's causes of action because the Complaint, and each purported cause of action therein, fails to state a cause of action for which relief can be granted against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Defendant alleges that the causes of action stated in the Complaint are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

Defendant alleges that Plaintiff's Complaint and each cause of action alleged therein is barred by virtue of Plaintiff's conduct under the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Defendant alleges that Plaintiff has waived Plaintiff's right to recover as set forth in the Complaint based on the doctrine of waiver.

**FIFTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

Defendant alleges that Plaintiff has ordered, and/or ratified Defendant's conduct, and is thus estopped from asserting any claims against Defendant.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

Defendant asserts that Plaintiff's Complaint, and each purported cause of action set forth therein, are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Privilege)**

The Complaint and each of its causes of action is barred because all acts of Defendant were privileged and done with good cause.

**EIGHTH AFFIRMATIVE DEFENSE**

**(After-Acquired Evidence)**

Defendant alleges that the Complaint and each cause of action alleged therein is barred by the doctrine of after-acquired evidence.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Defendant asserts that Plaintiff is not entitled to relief because Plaintiff failed to mitigate and/or to attempt to mitigate her damages, if any, and therefore any recovery by Plaintiff must be reduced or barred.

**TENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

Defendant alleges that the damages alleged by Plaintiff are barred by the doctrine of avoidable consequences.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exhaustion of Administrative Remedies)**

Defendant alleges that Plaintiff is not entitled to relief on any of Plaintiff's causes of action to the extent Plaintiff failed to timely and successfully exhaust Plaintiff's administrative remedies for the conduct alleged in the Complaint.

///

**TWELFTH AFFIRMATIVE DEFENSE**

**(Allegations Differ from Administrative Charge)**

Defendant asserts that Plaintiff's Complaint, and each purported cause of action set forth therein, may not be maintained to the extent they exceed or differ from the allegations of an administrative charge filed with the appropriate administrative state or federal agency.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

Defendant asserts that Plaintiff at all times gave her consent, express or implied, to certain acts, omissions, representations, and courses of conduct of Defendant as alleged in the Complaint and each cause of action contained therein.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Proximate Causation)**

Defendant asserts that Plaintiff is barred from recovery on her Complaint, and each purported cause of action set forth therein, because any injuries or damages alleged by Plaintiff, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant. Any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiff claims she sustained.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Workers' Compensation)**

Defendant alleges that Plaintiff's Complaint is barred by the Workers' Compensation Act, which is the sole and exclusive remedy for some or all of Plaintiff's alleged injuries or damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Legitimate Business Decision)**

Defendant alleges that any recovery on the Complaint is barred in whole or in part on grounds that any actions taken by Defendant were reasonable in response to legitimate business necessities, done in good faith, and were taken for legitimate non-discriminatory, non-harassing and/or non-retaliatory reasons.

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Mixed-Motive Defense)**

Defendant alleges that it had a legitimate reason for its employment decision that was the motivating factor in the decision. To the extent Plaintiff alleges that other factors motivated the decision, Defendant would have made the same employment decisions absent any alleged discriminatory or retaliatory motive.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages)**

Defendant asserts that to the extent that the Complaint, and each purported cause of action set forth therein, seeks punitive or exemplary damages, it violates Defendant's rights to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of California, and it violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Wrongful Actions)**

Defendant alleges that the Complaint and each of its causes of action are barred by Plaintiff's willful misconduct or negligence.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Ratification)**

Defendant asserts that Plaintiff's Complaint, and each purported cause of action set forth therein, are barred because Defendant did not engage in any unlawful conduct towards Plaintiff. However, if the Court or trier of fact determines that unlawful conduct by any agent or employee of Defendant occurred, such conduct was neither authorized nor ratified by Defendant.

///

///

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**RESERVATION OF RIGHTS**

Defendant hereby gives notice that it intends to rely upon any additional affirmative defenses that become available or apparent during discovery and thus reserves the right to amend its answer to assert such additional defenses as discovery proceeds.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That this action be dismissed in its entirety, with prejudice;

2. That judgment be entered in favor of Defendant and against Plaintiff;

3. That Defendant be awarded its costs of suit and attorneys' fees incurred herein; and

4. For such and other further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Defendant demands a trial by jury.

Dated: July 22, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: ______________________________
Marcie Isom Fitzsimmons
Nikayla Johnson
Attorneys for Defendant
CORNELL UNIVERSITY

**PROOF OF SERVICE**

Shahrvini, Negin v. Cornell University, et al.
Los Angeles Superior Court Case No. 26STCV17710

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 315 Pacific Avenue, San Francisco, California 94111. On July 13, 2026. I served the within documents:

**DEFENDANT CORNELL UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **PERSONAL SERVICE:** By causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below.

☒ **ELECTRONIC TRANSMISSION:** By transmitting a pdf.format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

☐ **OVERNIGHT:** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx (or other overnight service) as part of the ordinary business practices of GORDON REES SCULLY MANSUKHANI, LLP described below, addressed as follows:

| | |
|---|---|
| Michael T. Karikomi<br>Christine Lee<br>KATCHKO, VITIELLO & KARIKOMI, PC<br>11835 W. Olympic Blvd., Suite 860E<br>Los Angeles, CA 90064<br>Tel.: (310) 943-9587<br>Fax: (424) 204-0401<br>mkarikorai@kvklawyers.com<br>christine@kvklawvers.com<br><br>***Attorneys for Plaintiff***<br>***NEGIN SHAHRVINI*** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 22, 2026 at Antioch, California.

Marisol Franco

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

MARCIE ISOM FITZSIMMONS (SBN: 226906)
misom@grsm.com
NIKAYLA JOHNSON (SBN: 347157)
njohnson@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, California 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
CORNELL UNIVERSITY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| NEGIN SHAHRVINI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CORNELL UNIVERSITY, a NEW YORK not-for-profit education corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 26STCV17710<br><br>**AMENDED PROOF OF SERVICE RE:**<br><br>**DEFENDANT CORNELL UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Judge: Hon. Thomas D. Long<br>Dept.: 506<br><br>Complaint Filed: June 2, 2026 |

GORDON REES SCULLY MANSUKHANI, LLP
315 Pacific Avenue
San Francisco, CA 94111

**PROOF OF SERVICE**

Shahrvini, Negin v. Cornell University, et al.
Los Angeles Superior Court Case No. 26STCV17710

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: 315 Pacific Avenue, San Francisco, California 94111. On July 13, 2026. I served the within documents:

**DEFENDANT CORNELL UNIVERSITY'S ANSWER TO PLAINTIFF'S COMPLAINT**

☐ **PERSONAL SERVICE:** By causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

▣ **MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California addressed as set forth below.

☒ **ELECTRONIC TRANSMISSION:** By transmitting a pdf.format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

☐ **OVERNIGHT:** By placing a true copy thereof enclosed in a sealed envelope, at a station designated for collection and processing of envelopes and packages for overnight delivery by FedEx (or other overnight service) as part of the ordinary business practices of GORDON REES SCULLY MANSUKHANI, LLP described below, addressed as follows:

| | |
|---|---|
| Michael T. Karikomi<br>Christine Lee<br>KATCHKO, VITIELLO & KARIKOMI, PC<br>11835 W. Olympic Blvd., Suite 860E<br>Los Angeles, CA 90064<br>Tel.: (310) 943-9587<br>Fax: (424) 204-0401<br>mkarikomi@kvklawyers.com<br>christine@kvklawyers.com<br><br>***Attorneys for Plaintiff***<br>***NEGIN SHAHRVINI*** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on **July 22, 2026** at Antioch, California.

Marisol Franco